USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1795

 DAVID T. VEALE,

 Plaintiff, Appellant,

 v.

 KEENE PUBLISHING CORPORATION,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Shane Devine, Senior U.S. District Judge]
 

 Before

 Stahl, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 
 
 
 
 David T. Veale on brief pro se.
 

May 11, 1999

 
 
 Per Curiam. We affirm the judgment of the district
 court for essentially the reasons stated in the Report and
 Recommendation of the magistrate judge and in the Order of the
 district judge. We add only the following comments regarding
 appellant's attempt to set out a claim under 42 U.S.C. 1983.
 Appellant does not dispute that, to be timely, he was
 required to have filed his complaint by March 2, 1998. See
 N.H. Rev. Stat. Ann. 508:4. Thus, unless the limitations
 period was tolled, the March 11, 1998 complaint was late. 
 Arguably, 508:10 may provide tolling in the instant
 situation. However, the tolling rule set out in 508:10 only
 applies to the defendants named in the first action. Rowe v.
 Deere, 533 A.2d 375, 378 (N.H. 1987). The only defendant named
 in the first action was the Keene Publishing Corp.
 As a result, the 1983 claim raised in the instant
 case is timely only as to the publishing company; the complaint
 is not timely as to the public entities appellant listed as
 defendants in his amended complaint. The question then becomes
 whether appellant can file the second action with a new claim
 against Keene Publishing Corp. i.e., a 1983 claim based on
 a conspiracy between public officials and the publishing
 company. However, as well as limiting 508:10 to the same
 parties, the New Hampshire Supreme Court appears to have
 limited the section to the same cause. See Milford Quarry &
 Construction Co. v. Boston & M. R.R., 151 A. 336, 338 (N.H.
 1930); Milford Q. & C. Co. v. Boston & M. R.R., 97 A. 982, 983
 
 -2-
 (N.H. 1916). Arguably, then, appellant could not add the 
 1983 claim to the original action for libel.
 In any event, appellant has not alleged enough to
 state a 1983 conspiracy between the police and the publishing
 company. "[T]he acts of a private party are fairly
 attributable to the state. . . [only] when the private party
 acted in concert with state actors." Rendell-Baker v. Kohn,
 457 U.S. 830, 838 n.6 (1982). Because appellant's allegation
 of conspiracy is completely "bald and conclusory," as well as
 lacking "sufficient factual detail," it is not enough to make
 the publishing company a state actor for purposes of 1983. 
 See Malachowski v. City of Keene, 787 F.2d 704, 711 (1st Cir.
 1986) (per curiam).
 Second, even if the conspiracy allegations were
 deemed sufficient at the pleading stage, it is plain that
 appellant could not set out a cause of action for libel under
 1983. Such a claim requires that a plaintiff show "stigma
 plus." See Pendleton v. City of Haverhill, 156 F.3d 57, 62-63
 (1st Cir. 1998). That is, "a violation of constitutional
 proportions under a 'stigma plus' theory exists only if, and to
 the extent that, the opportunities [a plaintiff] lost are
 government benefits denied as a result of governmental action." 
 Id. at 63. Appellant was in business for himself as a
 landscaper and logger so cannot allege that he lost a
 government job as a result of the alleged defamatory statement. 
 The other injury about which appellant complains harm to his
 personal and business reputation does not involve government
 benefits.
 Affirmed.